UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL E. SCHUDMAK, III, ET                    CIVIL ACTION
AL

VERSUS                                         NO: 05-5194

PATRICK D. BOSSETTA,                           SECTION: "J"(1)
INDIVIDUALLY AND AS
PRESIDENT OF THE BOARD OF
COMMISSIONERS FOR THE EAST
JEFFERSON LEVEE DISTRICT, ET
AL

<u>ORDER AND REASONS</u>

Before the Court is the **Motion to Dismiss** filed by

defendants.  Rec. Doc. 5.  Plaintiffs oppose the motion.  The

motion, set for hearing on January 18, 2006, is before the Court

on briefs without oral argument.  Because the Court concludes,

among other things, that plaintiffs' takings claim is not ripe,

the motion should be GRANTED as more fully set forth below.

<u>BACKGROUND</u>

Plaintiffs' allegations, which are taken as true for the

purposes of this motion to dismiss, may be summarized as follows.

Plaintiff, Kenner Acquisitions, LLC, is the owner of immovable

property located in the City of Kenner, upon which is situated an

access road used by the East Jefferson Levee Board ("Levee Board") to access adjacent Levee Board property.  Complaint, ¶ 9. Plaintiff Samuel E. Schudmak, III ("Schudmak") was the manager of Kenner Acquisitions, LLC at all relevant times.  Id. at ¶ 10.

In connection with runway work being performed at Louis Armstrong Airport, heavy equipment vehicles transported debris and concrete via the access road.  Id. at ¶ 15.  Plaintiffs contend that the flow of these vehicles inhibited plaintiffs' use of the road and presented a risk to residents of an adjacent trailer park owned by plaintiffs.  Id.  Schudmak contends that the Levee District Police "ignored his request for assistance" "to protect his property rights from third parties and trespassers."  Id. at ¶ 16.  Rather, he claims that he received "threats and intimidation from the Levee District Police if he did not permit the vehicles to use the road."  Id.

Because Schudmak's request that the Levee District Police stop the use of the access road by heavy equipment vehicles was not honored, plaintiffs claim that the "increased traffic, use of the access road . . . and the failure of the Levee District Police to take action, resulted in a defacto [sic] deprivation of rights and taking of the plaintiffs' property."  Id. at ¶ 18.

Plaintiffs' Complaint alleges seven counts.  Count One alleges a deprivation of plaintiffs' 14th Amendment rights, by

virtue of the defendants engaging "in a uniform and continued pattern of failing to properly police and regulate the access road. . . resulting in a taking of the plaintiffs' property and a deprivation of the plaintiffs' property rights." Id. at ¶ 30. Counts Two through Four allege state law claims. Count Five seeks an injunction causing defendants "to cease and desist in their repeated actions which have resulted in the deprivation of the plaintiffs' property rights and equal protection under the law. . . ." Id. at ¶¶ 53-55. Count Six seeks punitive damages for violation of § 1983. Count Seven seeks damages due to a conspiracy of the defendants pursuant to 42 U.S.C. § 1985(3). Id. at ¶¶ 58-61.

## DISCUSSION

Under the Takings Clause of the Fifth Amendment, "private property [shall not] be taken for public use, without just compensation." U.S. CONST. AMEND. V. The Takings Clause applies to the states through the Fourteenth Amendment. See Chicago B. & Q.R.R. v. Chicago, 166 U.S. 226, 17 S. Ct. 581 (1897). However, "because the Fifth Amendment proscribes takings *without just compensation*, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action."

3

Williamson County Regional Planning Commission v. Hamilton Bank, 473 U.S. 172, 194 n.13, 105 S. Ct. 3108, 3120 n. 13 (1985)(emphasis in original); see also, Samaad v. City of Dallas 940 F.2d 925, 933 (5th Cir. 1991)(takings claim premised on allegation that noise from automobile racing at nearby fairground effected a taking dismissed as not ripe, since homeowners did not seek compensation from the state).  Accordingly, a plaintiff who considers himself aggrieved by a taking "must use available state procedures to seek such compensation before they may bring a § 1983 takings claim to federal court."  John Corp. v. City of Houston, 214 F.3d 573, 577 (5th Cir. 2000).  Otherwise, the claim is not ripe and it must be dismissed for lack of jurisdiction. "[R]ipeness is a jurisdictional requirement that cannot be waived."  Samaad, 940 F.2d at 934.

In the instant case, plaintiffs attempt to allege a takings claim in Count One of the Complaint.  However, the Complaint contains no allegation that plaintiffs exhausted state remedies by pursuing, and being denied, just compensation.  Accordingly, their takings claim is not ripe and the Court lacks jurisdiction to review it.[1]  Count Five, which seeks an order enjoining the

_____

[1]Because the Court dismisses this claim on jurisdictional grounds, it does not address defendants' argument that plaintiffs have failed to allege required elements of such a claim, most especially, government action.  The Court notes only that

complained of deprivation of property, and Count Six, a claim for
punitive damages for violation of § 1983, are derivative of the
unripe takings claim and thus must also be dismissed.

In Count Seven, plaintiffs allege that defendants conspired
to deprive them of equal protection of the laws in violation of
42 U.S.C. § 1985(3).  In keeping with the fact that § 1985(3) was
originally part of the Ku Klux Klan Act, enacted to redress the
Klan's acts of terror and violence, the Supreme Court has
required that "there must be some racial, or perhaps otherwise
class-based, invidiously discriminatory animus behind the
conspirators' action" to state a claim under § 1985(3).  <u>Griffin
v. Breckenridge</u>, 403 U.S. 88, 102, 91 S. Ct. 1790, 1798 (1971);
<u>see also</u>, <u>Deubert v. Gulf Federal Sav. Bank</u>, 820 F.2d 754, 757
(5th Cir. 1987)("[I]t is well-established in this circuit that
the only conspiracies actionable under section 1985(3) are those
motivated by racial animus.").  Plaintiffs' have made no effort
to allege this essential element of a § 1985(3) claim, and thus
this claim is also subject to dismissal for failure to state a
claim.

─────────────────────

defendants' contentions are well-taken and that while plaintiffs
premise their claims on § 1983, the gravamen of their complaint
appears to be more in the nature of a trespass or nuisance claim
against private individuals.  In either case, it is a question
for state court.

Counts Two through Four allege state law claims premised on the alleged taking charged in Count One, and as such are pendent to the unripe takings claim.  As the Fifth Circuit has observed, "a federal district court could not exercise jurisdiction over a state law claim that is pendent to a claim over which the federal courts would have not jurisdiction."  Samaad, 940 F.2d at 934. Accordingly, there is no basis for the Court to exercise supplemental jurisdiction over the state law claims, since Counts Two through Four are pendent to the unripe claim in Count One. However, even if the defects in plaintiffs' federal claims were not jurisdictional, or if the state law claims could fairly be characterized as pendent to other claims over which the Court could exercise jurisdiction, it would decline to do so under 28 U.S.C. § 1367(c)(3).  Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss** filed by defendants (Rec. Doc. 5) should be and is hereby **GRANTED**, and this matter is hereby **DISMISSED** without prejudice for lack of jurisdiction and for failure to state a claim.

New Orleans, Louisiana, this   19th   day of January, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6